DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**YSC FLORIDA, LLC,** a Florida Limited Liability Company,
Appellant,

v.

**QUALITY BUILT, LLC,** a Florida Limited Liability Company, and
**JEANNE S. SIEGEL,**
Appellees.

No. 4D2023-0484

[August 7, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Bradley G. Harper, Judge; L.T. Case No. 50-2016-CA-001434-XXXX-MB.

Raoul G. Cantero, Zachary B. Dickens, and W. Dylan Fay of White & Case LLP, Miami, for appellant.

Alan B. Rose, Daniel A. Thomas, Gregory S. Weiss, and Erica Lester Sadowski of Mrachek, Fitzgerald, Rose, Konopka, Thomas & Weiss, P.A., West Palm Beach, for appellee Jeanne Siegel.

PER CURIAM.

This appeal arises from a sale and purchase contract for a multi-million dollar residence. The appellee, Jeanne Siegel, and her husband ("Buyers") entered into the contract with the appellant, YSC Florida, LLC ("Seller"). After the Buyers discovered defects in the home, they sued the Seller and Quality Built, LLC ("Quality Built"), the company which they had hired to inspect the property before closing. However, the Buyers settled with Quality Built, and trial proceeded only on the Buyer's claims against the Seller. After the jury returned a verdict for the Buyers, the Seller moved for a setoff based on the Buyers' settlement with Quality Built. Because the complaint reflects substantial overlap in the damages sought from the Seller and Quality Built, the trial court should have reviewed the settlement agreement's terms before denying the Seller's motion for setoff. We reverse on that issue and affirm on all other issues raised.

"Setoffs are generally governed by sections 46.015 and 768.041, both

of which require setoffs as to amounts received from a joint tortfeasor." *Philip Morris USA Inc. v. Gore*, 344 So. 3d 1, 5 (Fla. 4th DCA 2022). These statutes contain substantially similar language and "direct[] that a court shall set off any settlement from the amount of any judgment which the plaintiff was entitled to at the time of rendering judgment if the plaintiff has received a partial satisfaction of the damages sued for." *Process Masters, Inc. v. Alpha III Ltd. P'ship*, 477 So. 2d 69, 69 (Fla. 1st DCA 1985) (discussing section 768.041(2), Florida Statutes); *see also Centex-Rooney Constr. Co. v. Martin Cnty.*, 706 So. 2d 20, 29 (Fla. 4th DCA 1997) (affirming trial court's reduction of damage award by amounts received in pretrial settlements, pursuant to section 46.015(2), Florida Statutes).

"[W]hen making a setoff decision, it does not matter what the party was actually entitled to recover." *Addison Constr. Corp. v. Vecellio*, 240 So. 3d 757, 767 (Fla. 4th DCA 2018). Rather, "what matters is [what the plaintiff] sued for." *Id.* (alteration in original) (quoting *Blasland, Bouck & Lee, Inc. v. City of N. Miami*, 283 F.3d 1286, 1296 (11th Cir. 2002)).

Here, the complaint reflects that the Buyers sued the Seller for breach of contract and failure to disclose; both causes of action were related to the Seller's failure to disclose known material defects that were not readily observable. The Buyers sued Quality Built for negligence in not identifying and disclosing the defects. The Buyers alleged numerous defects that the Seller failed to disclose and that Quality Built failed to identify and disclose. Only one of the defects was alleged solely with respect to Quality Built. Additionally, the Buyers sought the same types of damages from both defendants, including loss of use, diminution in value, expert testing and consulting expenses, and repair and remediation costs, among other items. Based on these allegations, the trial court should have reviewed the settlement agreement's terms to determine if setoff was required.

We reverse and remand for the trial court to conduct this review. If the settlement agreement's terms partially satisfy the Buyers' damages against the Seller, setoff is appropriate. Further, if the settlement agreement contains no allocation, the trial court must set off the entire settlement amount against the total jury verdict. *See Cornerstone SMR, Inc. v. Bank of Am., N.A.*, 163 So. 3d 565, 569 (Fla. 4th DCA 2015).

*Affirmed in part, reversed in part, and remanded for further proceedings.*

CIKLIN, LEVINE and CONNER, JJ., concur.

\* \* \*

2

*Not final until disposition of timely filed motion for rehearing.*